PeaRSON, J.
 

 The testator by himself and administrators with the will annexed, received the price of the land. Tie was under obligation by force of his bond to make title; this was discharged by the act of the administrators with the will annexed, by reason whereof they became individually liable, and'the plaintiff has been compelled, in consequence of the assertion of superior title, to pay a large sum. As bis act exonerated tlie estate of the testator, he had an equity under the doctrine of substitution, to stand in the place of Burke and Iieaden the assignee, in respect to tlie amount they were entitled to under the bond, and to be reimbursed that sum out of the estate of the testator.
 

 Tlie only question is, whether the plaintiff is not too late in seeking relief. In respect to such of the legatees as have paid into the office of the county court of Chatham their rela
 
 *427
 
 tive parts, the plaintiff is not entitled to relief under the bill now filed, for there is nothing to prevent him from
 
 applying
 
 for and receiving the fund which has been retained for his use. In respect to the other legatees, the plaintiff had an opportunity, and ought to have availed himself of it, when the bill was pending for the settlement of the estate, and before a final decree was entered in this Court, under which these legatees recovered from him their respective shares, to have brought forward this claim and had it passed on and provided for in the decree. It is too late, after a final settlement of the estate under the decree of the court, and after he has, in pursuance of that decree, paid over their shares, for him to file another original bill for the purpose of recovering back by the decree in this case, a part of what he has paid by a decree in that case. Thei’e must be an end of litigation.
 

 The bill is singularly defective in respect to dates ; enough, however, appears from the pleadings and exhibits to show, that while the bill for a settlement of the estate was pending, Joab Lambert instituted an action of ejectment for the land, and the plaintiff was thereby notified of his danger, and was called upon to provide against it. He failed to do so, and there is no allegation to account for, or excuse, his neglect and laches.
 

 Per Curiam, Bill dismissed.